IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN MARK FOTH; KRISTY DIANE FOTH; and DOUGLAS B. HACKETT, as Trustee of the Haku Place Trust,<br><br>        Plaintiffs,<br><br>    vs.<br><br>BAC HOME LOANS SERVICING, LP; ROUTH CRABTREE OLSEN LAW OFFICE; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>        Defendants.<br>_____ | CV. NO. 11-00114 DAE-BMK |

ORDER: (1) GRANTING BAC AND MERS'S MOTION TO DISMISS; (2)
GRANTING CRABTREE OLSEN, P.S.'S JOINDER IN MOTION TO DISMISS;
AND (3) GRANTING PLAINTIFFS' MOTION TO REMOVE DOUGLAS B.
HACKETT, TRUSTEE FOR THE HAKU PLACE TRUST, AS A PLAINTIFF IN
<u>THE COMPLAINT</u>

        On August 3, 2011, the Court heard BAC Home Loans Servicing, LP

("BAC") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion

to Dismiss, Routh Crabtree Olsen's ("RCO") (collectively, "Defendants") Motion

for Joinder in Motion to Dismiss, and Plaintiffs Steven Mark Foth and Kristy

Diane Foth's (collectively, "Plaintiffs") Motion to Remove Douglas B. Hackett,

Trustee for the Haku Place Trust, as Plaintiff in the Complaint.  Plaintiffs, pro se,

appeared on their own behalf via telephone at the hearing; Andrew J. Lautenback,

Esq., appeared on behalf of BAC and MERS; Charles R. Prather appeared on

behalf of RCO.  After reviewing the motions and the supporting and opposing

memoranda, the Court **GRANTS** BAC and MERS's Motion to Dismiss (Doc.

# 10), **GRANTS** RCO's Motion for Joinder (Doc. # 12), and **GRANTS** Plaintiffs'

Motion to Remove Douglas B. Hackett (Doc. # 25).  The Complaint is

**DISMISSED WITHOUT PREJUDICE** as against all Defendants.

<u>BACKGROUND</u>

On November 19, 2007, Plaintiffs obtained a $510,000 loan from

MortgageIt, Inc. ("Loan").  ("Mort.," Doc. # 10-3, at 2.)[1]  To secure payment on

the Loan, Plaintiffs executed a mortgage encumbering real property located at

---

[1] BAC and MERS submitted a copy of the subject mortgage as Exhibit A to their Motion to Dismiss.  They also submitted a copy of the subject assignment as Exhibit B to the Motion.  "[A] district court ruling on a motion to dismiss may consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiffs'] pleading.'"  <u>Parrino v. FHP, Inc</u>., 146 F.3d 699, 705 (9th Cir. 1998) (quoting <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir. 1994)); <u>see also</u> <u>Lee v. City of L.A.</u>, 250 F.3d 668, 688 (9th Cir. 2001).  In the instant case, Plaintiffs' entire Complaint revolves around the subject mortgage and subsequent assignment.  The mortgage and assignment are clearly essential to the Complaint, and neither party disputes their authenticity.  Accordingly, it is appropriate for the Court to consider the mortgage and assignment when ruling on the Motion to Dismiss.

76-6311 Haku Place, Kailua Kona, Hawaii 96740 (the "Property") on the same

day.  (<u>Id.</u> at 3.)  The mortgage was recorded in the State of Hawaii Bureau of

Conveyances on November 30, 2007 as Document Number 2007-207555.  (<u>Id.</u> at

1.)  MortgageIt, Inc. is listed on the mortgage as the originating lender.  (<u>Id.</u> at 2.)

MERS is listed as the mortgagee.  (<u>Id.</u> at 1.)   Specifically, the mortgage provides

as follows with respect to MERS:

> "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is
> a separate corporation that is acting solely as nominee for Lender and
> Lender's successors and assigns.  **MERS is the mortgagee under
> this Security Instrument**.

(<u>Id.</u>)  The mortgage goes on to state

> The Security Instrument secures to Lender: (i) the repayment of the
> Loan, and all renewals, extensions and modifications of the Note; and
> (ii)the performance of Borrower's covenants and agreements under
> this Security Instrument and the Note.  For this purpose, Borrower
> does hereby mortgage, grant and convey to MERS (solely as nominee
> for Lender and Lender's successors and assigns) and to the successors
> and assigns of MERS, with power of sale, [the Property.]

(<u>Id.</u> at 3.)

On May 26, 2010, MERS executed an assignment to BAC.

("Assignment," Doc. # 10-4, at 2.)  The assignment provides as follows:

> FOR VALUE RECEIVED [MERS] solely as nominee for MortgageIt, Inc., does hereby transfer without recourse to [BAC] . . . all of its right, title and interest in and to that certain mortgage recorded on 11/20/07 in the Bureau of Conveyances . . . document number 2007-207555.

(Id. at 1.)  The assignment was duly recorded in the State of Hawaii Bureau of Conveyances on June 8, 2010 as Document Number 2010-079298.  (Id.)

On February 15, 2011, Plaintiffs filed a Second Amended Complaint ("Complaint") in Hawaii state court against Defendants.  ("SAC," Doc. # 1, Ex. 1.) On February 22, 2011, Defendants BAC and MERS removed the action to this Court.  (Doc. # 1.)  Since then Plaintiffs have sought a series of Temporary Restraining Orders which would prevent Defendant BAC from foreclosing on Plaintiffs' property.  (See Docs. ## 6, 16, 18.)  The Court denied each as moot as Defendant BAC has twice postponed the foreclosure sale.  (See Docs. ## 9, 24.)

On March 9, 2011, Defendants MERS and BAC filed the instant Motion to Dismiss.  ("Mot.," Doc. # 10.)  On March 14, 2011, Defendant RCO filed its Joinder Motion.  (Doc. # 12.)  On July 7, 2011, Plaintiffs filed both their Opposition to the Motion to Dismiss, ("Opp'n," Doc. # 26,) as well as the Motion to Remove Douglas B. Hackett (Doc. # 25).  On July 18, 2011, Defendants MERS and BAC filed their Reply.  ("Reply," Doc. # 30.)

Plaintiffs allege that Defendants are illegally attempting to foreclose on the Property.  (SAC at 1–2.)  Although difficult to discern, the thrust of Plaintiffs' Complaint seems to be that because Defendants do not possess the original promissory note, they cannot enforce the note.  (<u>Id.</u> at 17.)  Plaintiffs also argue that there was an improper split between the mortgage and promissory note, and that the debt is "settled in full" because Defendants failed to validate it in accordance with the requirements of the Fair Debt Collection Practices Act ("FDCPA").  (<u>Id.</u>)  Additionally, Plaintiffs seem to challenge the purported "Assignment of Mortgage" from MERS to BAC.

STANDARD OF REVIEW

I.      <u>Federal Rule of Civil Procedure 12(b)(6)</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted.  Review is limited to the contents of the complaint.  <u>See</u> <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir. 1994).  A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim."  <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted).  Allegations of fact in the complaint must be taken as true

and construed in the light most favorable to the plaintiff.  See Livid Holdings Ltd.

v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6)

motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In providing grounds for relief, however, a plaintiff must do more than recite the

formulaic elements of a cause of action.  See id. at 556–57; see also McGlinchy v.

Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations

without more are insufficient to defeat a motion to dismiss for failure to state a

claim.") (citation omitted).  "The tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions," and

courts "are not bound to accept as true a legal conclusion couched as a factual

allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations

and citations omitted).  Thus, "bare assertions amounting to nothing more than a

formulaic recitation of the elements" of a claim "are not entitled to an assumption

of truth."  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he

non-conclusory 'factual content,' and reasonable inferences from that content,

must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal

quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.  See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief.  Id. at 586.  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally.  See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)).  "Pro se litigants must [nonetheless] follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

II.     <u>Federal Rule of Civil Procedure 9(b)</u>

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances <u>constituting</u> fraud."  <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), <u>superseded on other grounds by</u> 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement.  <u>Id.</u> at 1548 (quoting <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989)).  "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 10104, 1019 (9th Cir. 2001)); <u>see also</u> <u>Moore</u>, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants).  However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b); <u>see also</u> <u>In re GlenFed, Inc. Sec.</u>

Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## DISCUSSION

For the reasons set forth below, the Court concludes that BAC and MERS's Motion to Dismiss should be granted.

I.      Plaintiffs' Opposition to the Motion to Dismiss

As a preliminary matter, the Court observes that Plaintiffs' Opposition to the Motion to Dismiss was untimely filed. Although the Opposition was due on or before June 13, 2011 (Doc. # 14), Plaintiffs did not file it until July 7, 2011,

nearly a month past the Court's deadline.  <u>See</u> Local Rule 7.4 ("Any opposition or reply that is untimely filed may be disregarded by the court or stricken from the record.").  Despite its untimeliness, the Court in its discretion will consider Plaintiffs' Opposition, particularly because Plaintiffs are proceeding <u>pro se</u>.  The Court will not, however, in the future accept late filings from Plaintiffs.

Plaintiffs are also advised that an opposition to a motion to dismiss is not a proper vehicle for adding claims to his complaint.  <u>See</u> <u>Schneider v. Cal. Dep't of Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers . . . .") (citations omitted); <u>Clegg</u>, 18 F.3d at 754 (finding that for purposes of a motion to dismiss, the court's review is limited to the contents of the complaint).  In their Opposition, Plaintiffs for the first time request a "declaratory judgment to determine that [BAC] does not have legal authority to foreclose on the [Property]."  (Opp'n ¶ 16.)  Plaintiffs also appear to attempt to clarify for the first time how specifically Defendants engaged in fraudulent conduct.  (<u>Id.</u> ¶¶ 29–45.).  The Court will not here consider Plaintiffs' attempts at bolstering the Complaint via their Opposition.

II.     <u>Plaintiffs' Motion to Remove Douglas B. Hackett</u>

In their Motion, Defendants argue that "[t]he SAC cannot move forward because Plaintiff Hackett has not asserted any claims on his own behalf, and cannot appear <u>pro se</u> to assert claims as the 'trustee' on behalf of the 'Haku Place Trust.'" (Mot. at 7.)  Plaintiffs, for their part, agreed and filed a Motion to Remove Hackett as a Plaintiff.  (Doc. # 25.)

It is well established that "[p]arties may plead and manage their own causes personally" before federal courts.  28 U.S.C. § 1654.  However, "[a]lthough a non-attorney may appear <u>in pria persona</u> on his own behalf, that privilege is personal to him.  He has no authority to appear as an attorney for others than himself."  <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 679–98 (9th Cir. 1987); <u>see also</u> <u>Simon v. Hartford Life, Inc.</u>, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts routinely adhered to the general rule prohibiting <u>pro se</u> plaintiffs from pursuing claims on behalf of others in a representative capacity.")  Similarly, Local Rule 83.11 provides that "[b]usiness entities . . . cannot appear before this court pro se and must be represented by an attorney."

In accordance with these rules, other judges in this District have denied Plaintiff Hackett's attempts to represent plaintiffs as "trustee" of their property.  (<u>See, e.g.</u>, Doc. # 10-6; Cv. No. 11-00140-SOM-BMK, Doc. # 70.)  This

Court agrees—Plaintiff Hackett cannot proceed pro se on behalf of Plaintiffs or Plaintiffs' property held in trust. The Court disagrees with Defendants, however, that this "must" result in dismissal of the SAC. (Mot. at 8.) Instead, the Court believes that removing Plaintiff Hackett as a party to this action is an appropriate remedy. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remove Douglas B. Hackett, Trustee for the Haku Place Trust, as a Plaintiff in the Complaint.

III.     <u>Motion to Dismiss</u>

Defendants contend that the Complaint is vague and conclusory and therefore should be dismissed for failure to comply with Federal Rules of Civil Procedure 8, 9 and 12(b)(6). The Court agrees.

The Court begins by noting there are myriad problems with the Complaint generally. As discussed, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a court must construe a pro se Plaintiff's complaint liberally, the complaint must still "give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506, 512 (2002). The Complaint here contains only broad allegations which lump together defendants and do not identify which defendants are responsible for which specific wrong. (<u>See, e.g.</u>, Compl. at 13 (claiming

12

"Defendants" re-sold a promissory note "jointly and/or separately"); id. (claiming "Defendants, jointly and/or separately, have failed to uphold Defendants' requirement, jointly and/or separately, under the purported LOAN by not presenting the amount stated in the Mortgage to Plaintiffs"); id. at 22 (stating "Defendants claim to be the creditor upon the instrument" without distinguishing between Defendants).)  Defendants are not required to speculate as to wrong the Plaintiffs have alleged they committed.  See Sakugawa v. Countrywide Bank F.S.B., 769 F. Supp. 2d 1211, 1221 ("Although FRCP Rule 8 requires only that a complaint include a 'short and plain statement of the claims showing that the pleader is entitled to relief," the complaint must sufficiently put Defendants on fair notice of the claim asserted and the ground upon which it rests. [Neither] Defendants, nor the Court, are required to speculate . . . .").

Moreover, the legal theories Plaintiffs allege are confused at best. (See, e.g., Compl. at 31–36 (asserting causes of action for "no standing").) Plaintiffs do not clearly identify the causes of action they are asserting, and Plaintiffs' legal claims themselves are scattered throughout the complaint.  Indeed, the allegations in the Complaint are excessively verbose and nearly incomprehensible, contrary to Rule 8's requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

See Fed. R. Civ. P. 8(a)(2).  Under these circumstances, Plaintiffs plainly cannot be said to have satisfied Rule 8.  See Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals of complaints that are confusing, conclusory, ambiguous, and prolix); McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.");

The Complaint also fails to satisfy the heightened pleading requirements of Rule 9.  Fraud allegations "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citation omitted).  Moreover, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."  Kearns, 567 F.3d at 1124.  Indeed, when multiple defendants are involved,

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in fraud . . . .  In the context of a fraud suit involving

multiple defendants, a plaintiff must, at a minimum, identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.

<u>Swartz</u>, 476 F.3d at 764–65 (citations and quotations omitted).

Here Plaintiffs' Complaint is littered with allegations of fraudulent conduct which simply do not include "the who, what, when, where, and how of the misconduct charged." <u>Kearns</u>, 567 F.3d at 1124. Nor do Plaintiffs differentiate between Defendants in his allegations as required by <u>Swartz</u>. For instance, Plaintiffs charge that "Defendants, jointly and/or separately, . . . filed numerous forged, fraudulent, and/or false documents into the Hawaii County Recorder's Office," but do not provide specifics surrounding this allegation. (SAC at 10.) Plaintiffs make similar allegations devoid of specifics throughout their Complaint. (<u>Id.</u> at 11 (accusing Defendants "jointly and separately" of engaging in "criminal and fraudulent conduct"); <u>id.</u> at 14 ("Plaintiffs discovered the forged, fraudulent and/or false documents Defendants filed and/or recorded . . . ."); <u>id.</u> at 23 ("Defendant debt collectors . . . are persisting in their intention to conduct a fraudulent foreclosure on Plaintiffs' Property."); <u>id.</u> at 25 (similar); <u>id.</u> at 26 (similar); <u>id.</u> at 39 (similar).). To the extent that Plaintiffs allege fraudulent conduct, there are simply insufficiently specific factual allegations to satisfy Rule 9's heightened pleading standard.

In sum, the Complaint has failed to satisfy the federal pleading requirements of either Rule 8 or Rule 9. This alone is sufficient grounds to grant Defendants' Motion and dismiss the Complaint. The Court, however, will nonetheless attempt to discern the claims set forth therein.

A.    First Cause of Action: "The Alleged Debt is Settled"

Plaintiffs' first cause of action states "The Alleged Debt is Settled in Full under the FDCPA and U.C.C. 3-603." (Id. at 22.) Plaintiffs' argument seems to be that they asked for a "debt verification," but "Defendants" failed to respond.[2] (See id. at 23.) As a result, there is no debt. (See id.) The Court is not persuaded.

The FDCPA prohibits various collection practices by "debt collectors" to "eliminate abusive debt collection practices." See 15 U.S.C. § 1692(e) (describing the purpose of the FDCPA). The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last

---

[2] Once more, Plaintiffs do not specify any specifics with respect to this allegation. In addition to not mentioning when they filed a request and pursuant to what statute they filed a request, they do not specify which defendant was obligated to respond or why. This is another instance of Plaintiffs plainly failing to satisfy Rule 8. See Iqbal, 129 S. Ct. at 1949 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests . . . .

15 U.S.C. § 1692a(6). To be liable for a violation of the FDCPA, a defendant must, as a threshold requirement, be a "debt collector" within the meaning of the FDCPA. Heintz v. Jenkins, 514 U.S. 291, 294 (1995).

Here, Plaintiffs' conclusory and confused Complaint does not sufficiently allege facts suggesting that Defendants are "debt collectors" as contemplated by the FDCPA. This proposition is not self-evident as many district courts across the country have held mortgage servicing companies are not debt collectors liable under the FDCPA. See Williams v. Countrywide, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) ("lenders and mortgage companies are not 'debt collectors' within the meaning of the FDCPA"); Hulse v. Ocwen Fed Bank FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) (noting that the "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA). Indeed, one important factor in determining whether a "mortgage servicing company" is a "debt collector" is whether "the debt was [] in default at the time it was assigned." Caraang v. PNC Mortg., --- F. Supp. 2d ---,

No. 10-00594 LEK-BMK, 2011 WL 2470637, at * 24 (D. Haw. June 20, 2011) (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)).  The Complaint alleges no facts to suggest that any of the Defendants are, in fact, "debt collectors" within the meaning of the FDCPA.

Plaintiffs also rely upon Uniform Commercial Code ("U.C.C.") 3-603 to argue the "debt is settled in full."[3]  (SAC at 25–26.)  Plaintiffs claim that they sent a "Qualified Written Request . . . tendering full payment to a third party escrow agent, . . . under the condition that Debt Collector Defendants provide proof of debt and the . . . Promissory Note to establish proof of claim within 15 days."  (Id. at 25.)  By failing to comply, Defendants have allegedly violated Hawaii Revised Statute (HRS) § 490:3-603.  (See id. at 25–26.)

It is entirely unclear to the Court how Defendants' alleged failure to respond to Plaintiffs request leads to a violation of this provision.  HRS 490:3-603 provides:

> (a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

---

[3] Conceivably, Plaintiffs meant to allege a violation of the Hawaii's adaptation of U.C.C. 3-603, which is codified at Haw. Rev. Stat. § 490:3-603. Although the Complaint refers to the U.C.C., the Court will cite to the appropriate section of the Hawaii Revised Statutes in this Order.

(b) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

(c) If tender of payment of an amount due on an instrument is made to the person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.

Haw. Rev. Stat. § 490:3-603. The Complaint does not understandably explain how any of the Defendants have violated this statute or even how this statute relates to Plaintiffs' claim that the "debt is settled in full." Moreover, Plaintiffs complain of fraud with respect to Defendants' alleged violation of this statute without providing any specifics as required by Rule 9. Without more, the Court simply cannot conclude Plaintiffs have stated a claim with respect to HRS § 490:3-603.

B.      Second Cause of Action: "Show me the Note"

Plaintiffs here seem to assert that because Defendants do not possess the original promissory note, they are not holders in due course and cannot initiate a nonjudicial foreclosure on the Subject Property.[4] (SAC at 26–31.) Although the

_____

[4] This so-called show me the note theory has been routinely rejected by
(continued...)

Complaint cites Article 3 of the U.C.C. in support of this claim (id. at 27), it

seemingly references Article 3 provisions solely as support for legal conclusions.

For instance, Plaintiffs baldly assert that "[Defendants] do not have standing to

enforce the note in this action, because they are not a true party in interest and/or

do not have enough actual authority to qualify for standing, and/or do not have

actual possession of the note." (Id. at 28.) This assertion, however, is not

coherently explained. The Complaint also refers to Hawaii Revised Statute

§ 490:3-501, which defines and discusses "presentment," but it fails to state why

this statute provides Plaintiffs a "common law and statutory right to inspect that the

documents are in GOOD and VALID conditions" as alleged. (Id. at 27.) See Haw.

Rev. Stat. § 490:3-501 (defining presentment as "a demand made by or on behalf

of a person entitled to enforce an instrument" and noting that it must be done so

reasonably). Additionally, although Plaintiffs cite Hawaii Revised Statute § 490:3-

501(b)(2), the Complaint does not reference the Hawaii statutes governing

---

[4](...continued)
district courts throughout the Ninth Circuit. Although the Court does not cite
unpublished opinions as precedent, the following cases from the District of Hawaii
reject the show me the note argument: Krakauer v. IndyMac Mortg. Servs., 2010
WL 5174380, at *9 (D. Haw. Dec. 14, 2010); Brenner v. Indymac Bank, F.S.B.,
2010 WL 4666043, at *7 (D. Haw. Nov. 9, 2010); Angel v. BAC Home Loan
Servicing, 2010 WL 4386775, at *10 (D. Haw. Oct. 26, 2010).

nonjudicial foreclosure, which do not expressly require that the foreclosing party produce a physical copy of the original promissory note.  <u>See</u> Haw. Rev. Stat. § 667-5 to -10.  In the absence of any coherent factual or legal support for this claim, it cannot withstand a motion to dismiss.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949 (stating that although a complaint need not include "detailed factual allegations," there must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" (citations and quotations omitted)).[5]

C.    <u>Causes of Action Three through Nine: No Standing</u>

Plaintiffs remaining causes of action are that "Defendants have No Standing for Enforcement of Power of Sale," "Defendants have no Standing as a Real Party of Interest," "Defendants have No Standing as a Creditor in Due Course

---

[5] In their Complaint and Opposition, Plaintiffs rely upon <u>U.S. Bank National Association v. Ibanez</u>, 941 N.E.2d 40 (Mass. 2011).  The case is inapposite.  Aside from the fact that <u>Ibanez</u> is a Massachusetts Supreme Court case applying Massachusetts law, the procedural posture of that case is readily distinguishable from that of the instant lawsuit.  In <u>Ibanez</u>, purported assignees, who purchased the subject properties back at the foreclosure sales, filed complaints seeking a declaration that they had title to the properties in fee simple, whereas here, Plaintiffs as borrowers have filed a complaint to challenge Defendants' ability to enforce the mortgage and note.  These two situations are completely separate and distinct.  Thus, Plaintiffs' reliance on <u>Ibanez</u> is misplaced.

in this Matter," "Defendants have No Standing as the Actual and Current Holder of the Promissory Note," and "Violations of the Uniform Commercial Code." (Compl. at 31–36.)  The Court finds that Plaintiffs have failed to state a claim on these theories.

As a preliminary matter, "No Standing" is not a cognizable cause of action upon which Plaintiffs may recover.  It may be that Defendants' attempt to foreclose on the Property when they do not allegedly have a right to the property is the basis of some other legal theory, but "no standing" is not a cause of action unto itself.  This alone warrants dismissal of these counts of the Complaint.

In any event, it seems that the underlying theory of liability behind Plaintiffs' "No Standing" Causes of Action is identical the Complaint's second cause of action.[6]  Specifically that Defendants[7] must show Plaintiffs the Note in order to foreclose.  As discussed above, the Court is not persuaded by this

---

[6] Plaintiffs also seem to recycle their U.C.C. arguments discussed, <u>supra</u>. (<u>See</u> SAC at 36–39.)  For the reasons discussed, the Court is not persuaded.  To the extent Plaintiffs may be alleging new causes of action stemming from the U.C.C., the Court finds, as with the rest of the Complaint, that it has not satisfied Rules 8 or 9 of the Federal Rules of Civil Procedure.

[7] Again, it is unclear from the Complaint which Defendant is at issue with respect to these Counts.

argument absent some showing that the Hawaii non-judicial foreclosure statutes require that the original mortgage be shown.[8]

D.    Injunctive Relief

Plaintiffs finally claim they are entitled to injunctive relief.  Injunctive relief is a remedy, not an independent cause of action.  See Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008).  Because Plaintiffs have not stated a claim upon which relief can be granted, they are not entitled to injunctive relief. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (requiring Plaintiff demonstrate a likelihood of success on the merits for injunctive relief).

---

[8] Plaintiffs also seem to be attempting to assert a "split the note" theory of wrongful disclosure.  (See id. at 6, 31, 33, 35–36.)  The argument goes that because the note and deed of trust are no longer together, the holders of the note are no longer allowed to enforce the note through nonjudicial foreclosure.  (See id.) Plaintiffs, however, have failed to coherently allege any facts supporting their assertion that the promissory note and the deed of trust have been truly bifurcated. Nor have Plaintiffs cited authority controlling upon this Court that holds MERS cannot have standing as a nominee beneficiary in connection with a nonjudicial foreclosure proceeding under Hawaii law.  Indeed, as discussed supra, Plaintiffs have not even referenced the Hawaii nonjudicial foreclosure statute anywhere in their Complaint.  The Court will not consider the merits of this argument until Plaintiffs present a clear and coherent argument on this point.

IV.   <u>Leave to Amend</u>

The Court recognizes that it may be possible for Plaintiffs to state a claim if provided the opportunity to amend their Complaint.[9]  Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE** as against all Defendants in this action with leave to amend no later than 30 days from the filing of this Order. Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice.  Plaintiffs are advised that the amended complaint must clearly state how each of the named defendants have injured him, and it must also clearly identify the statutory provisions, if any, under which Plaintiffs' claims are brought.

<u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS** BAC and MERS's Motion to Dismiss (Doc. # 10), **GRANTS** RCO's Motion for Joinder (Doc. # 12),

---

[9] Defendants argue that the Complaint should be dismissed with prejudice as this is Plaintiffs' Second Amended Complaint.  (<u>See</u> Mot. at 19.)  The Court, however, notes that this is the first time Plaintiffs have had to satisfy the federal pleading standards of Rules 8 and 9.  Accordingly, the Court believes Plaintiffs should be provided another opportunity to amend their Complaint.

and **GRANTS** Plaintiffs' Motion to Remove Douglas B. Hackett (Doc. # 25).  The

Complaint is **DISMISSED WITHOUT PREJUDICE** as against all Defendants.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 4, 2011.



_____
David Alan Ezra
United States District Judge

Foth et al. v. BAC Home Loans Servicing, LP, et al., Cv. No. 11-00114 DAE-BMK; ORDER: (1) GRANTING BAC AND MERS'S MOTION TO DISMISS; (2) GRANTING CRABTREE OLSEN, P.S.'S JOINDER IN MOTION TO DISMISS; AND (3) GRANTING PLAINTIFFS' MOTION TO REMOVE DOUGLAS B. HACKETT, TRUSTEE FOR THE HAKU PLACE TRUST, AS A PLAINTIFF IN THE COMPLAINT