IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN MARK FOTH; KRISTY DIANE FOTH; and DOUGLAS B. HACKETT, as Trustee of the Haku Place Trust,<br><br>      Plaintiffs,<br><br>  vs.<br><br>BAC HOME LOANS SERVICING, LP; ROUTH CRABTREE OLSEN LAW OFFICE; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>      Defendants. | CV. NO. 11-00114 DAE-BMK |

ORDER DISMISSING ACTION

On February 15, 2011, Plaintiffs Steven Mark Foth and Kristy Diane Foth filed a Second Amended Complaint ("Complaint") in Hawaii state court against Defendants. ("SAC," Doc. # 1, Ex. 1.) On February 22, 2011, Defendants BAC and MERS removed the action to this Court. (Doc. # 1.)

In their Complaint, Plaintiffs alleged that Defendants illegally attempted to foreclose on their property. (SAC at 1–2.) Although difficult to discern, the thrust of Plaintiffs' Complaint seemed to be that because Defendants

did not possess the original promissory note, they could not enforce the note. (Id. at 17.) Plaintiffs also argued that there was an improper split between the mortgage and promissory note, and that the debt was "settled in full" because Defendants failed to validate it in accordance with the requirements of the Fair Debt Collection Practices Act ("FDCPA"). (Id.) Additionally, Plaintiffs seemed to challenge the purported "Assignment of Mortgage" from MERS to BAC.

On March 9, 2011, Defendants MERS and BAC filed a Motion to Dismiss. (Doc. # 10.) On March 14, 2011, Defendant RCO filed a Motion for Joinder in the Motion to Dismiss. (Doc. # 12.) On August 4, 2011, the Court issued an Order: (1) Granting BAC and MERS's Motion to Dismiss; (2) Granting RCO's Motion for Joinder; and (3) Dismissing the Complaint without Prejudice as against all Defendants. (Doc. # 33.) The Court granted Plaintiffs leave to amend their Complaint by September 4, 2011. (See id. at 24.) The Court advised Plaintiffs as follows:

> Failure to [timely amend] and to cure the pleading deficiencies will result in dismissal of this action with prejudice. Plaintiffs are advised that the amended complaint must clearly state how each of the named defendants have injured him, and it must also clearly identify the statutory provisions, if any, under which Plaintiffs' claims are brought.

(Id.)

2

To date, Plaintiffs have not filed an amended complaint nor taken further action in these proceedings.

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 41(b) provides as follows:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Rule 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). The Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (discussing factors a court must weigh to determine whether to dismiss a claim for failure to comply with a court order).

Before dismissing an action for failure to prosecute, the court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the

court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Id. at 642 (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

I. Expeditious Resolution and Need to Manage Docket

The Court advised Plaintiffs that they must file an amended complaint within thirty days of the Court's August 4, 2011 Order or risk dismissal of the action with prejudice. (See Doc. # 33 at 24.) Plaintiffs' failure to amend their complaint hinders the Court's ability to move this case forward and indicates that Plaintiffs do not intend to prosecute this action. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor plainly favors dismissal.

II. Prejudice to Defendants

The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. See Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991). Plaintiffs offer no excuse or explanation for their failure to file an amended complaint. When a party offers no excuse for failing to comply with a

court's order, the risk of prejudice to the opposing party weighs in favor of dismissal. See Yourish, 191 F.3d at 991–92.

III.    Availability of Less Drastic Alternatives

The next factor, the availability of less drastic alternatives, also weighs in favor of dismissal. Although Plaintiffs had failed to state a claim upon which relief could be granted, the Court sought to avoid dismissing the Complaint with prejudice by granting Plaintiffs thirty days to amend their Complaint. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Plaintiffs have given this Court no indication that they intend to prosecute this action. In fact, to date Plaintiffs have taken no further action in these proceedings. This Court has attempted to explore "possible and meaningful alternatives to dismissal." Id. Plaintiffs have been non-responsive and noncompliant with respect to these alternatives. Given Plaintiffs' failure to prosecute this action, there is no appropriate alternative to dismissal.

IV.    Public Policy

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. It is, however, a plaintiff's responsibility to

5

prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiffs have failed to discharge this responsibility despite the Court's order to the contrary. Given these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh the other factors which favor dismissal.

Plaintiffs' Complaint is therefore **DISMISSED**.

CONCLUSION

For these reasons, Plaintiffs' Complaint is **DISMISSED**. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, September 19, 2011.

_____
David Alan Ezra
United States District Judge

Foth et al. v. BAC Home Loans Servicing, LP, et al., Cv. No. 11-00114 DAE-BMK; ORDER DISMISSING ACTION